IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALBERT E. BROWN, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>ODP CORPORATION d/b/a )<br>OFFICE DEPOT, )<br>)<br>Defendant. ) | Case No. |

## COMPLAINT

Comes now Plaintiff and for his complaint, states and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that Plaintiff has brought this employment discrimination action for the deprivation of Plaintiff's rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112, et seq. and Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq

2. Venue is proper in this district court pursuant to 28 U.S.C. § 1391 (b) in that the alleged acts of discrimination herein occurred within geographical venue of this Court.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. Plaintiff timely filed a complaint of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) with regard to the unlawful acts of discrimination alleged herein. The EEOC subsequently issued Plaintiff a Right to Sue Letter on August 13, 2024, informing Plaintiff of his right to file a civil action in federal court on his claims of discrimination within 90 days of receipt of the Right to Sue Letter. Exhibit 1. Plaintiff has timely filed his current civil action within 90 days of receipt of the Right to Sue Letter.

Plaintiff therefore has exhausted and satisfied all the administrative remedies for Plaintiff to bring the current action in this Court.

## PARTIES

4.     Plaintiff is an African American man, 43 years of age who was employe as a delivery truck driver for the ODP Corporation from December 17, 2018, to June 2, 2023.

5.     Defendant ODP Corporation is a foreign corporation authorized to do and was at all times mentioned herein doing business in the state of Kansas.

## FACTUAL STATEMENTS

6.     Plaintiff is an African American man ,43 years of age who was employed as delivery truck driver for the ODP Corporation d/b/a Office Depot from December 17, 2018, to June 2, 2023, at the Office Depot warehouse in Bonner Springs, Kansas.

7.     On June 15, 2022, while on his way to work, Plaintiff was involved in a motor vehicle accident where he was seriously injured and sustained two (2) herniated disks at the L4-S1 level of his back. On October 7, 2022, Plaintiff underwent microdiscectomy surgery to remove the herniated disks that were compressing against his spinal nerves. As the result of his injuries, Plaintiff became physically impaired and was unable to perform the physical tasks of his employment at that time. Plaintiff underwent extensive physical and rehabilitative therapy for months after his surgery.

8.     In March 2023, Plaintiff completed his therapy, and his physical therapist release him to return to his work with the only limitation of no lifting of more than 30 pounds. The work release provided that Mr. Brown would not have any work restrictions after May 31, 2023, lifting or otherwise.

9. Plaintiff requested ODP to allow him to return to work as a delivery truck driver with temporary accommodations for his lifting limitations, as provided in the work release or assign him to a position that would enable him to perform the required duties within his physical limitations.

10. On June 2, 2022, Amy Gertz, Special Associate Relations, on behalf of ODP, wrote Plaintiff informing him that ODP could not accommodate his lifting limitations that would enable him to work as a delivery truck driver for ODP and that his employment was terminated effective the date of this letter. Ms. Gertz did not advise Plaintiff as to whether he could be assigned to another position that would accommodate his physical limitations.

11. Contrary to Ms. Gertz's statements, Office Depot had a practice of providing accommodation for delivery truck drivers who had been injured and suffered physical limitations.

12. Drivers who had lifting limitations were provided with a helper to accompany the impaired drivers on their deliveries to assist with the loading and unloading of the products on and off the delivery truck. Office Depot also had hoists and other mechanical lifting devices to load and unload the products on and off the delivery truck.

13. Defendant had a practice of assigning delivery truck drivers who became impaired with limitations to another position within the warehouse which allowed them to perform the work within their limitations.

14. There have been several examples where Defendant provided injured truck drivers with the above accommodations during 2022. There was a white male truck driver who sustained a rotor cup tear which severely limited his lifting capacity. He was allowed to return to work as delivery driver and assigned a helper to help him with the loading and unloading. Defendant further often

assigned helpers with drivers without physical limitations to assist with the loading and unloading of products to be delivered to customers.

15.     Another truck driver who suffered injuries which severely limited his lifting capacity was assigned to a position in the warehouse wrapping packages that enabled him to work within his physical limitations.

## COUNT I
## VIOLATIONS OF THE ADA

16.     Plaintiff incorporates herein under Count I paragraphs 1-15 above by reference as though fully alleged and stated herein.

17.     Plaintiff was a disabled person as defined under the ADA who was with reasonable accommodations for his disability able to perform the essential duties of his job as a delivery truck driver for Defendant.  In violation of the ADA, Defendant refused to provide Plaintiff with the reasonable accommodations to enable him to perform the essential duties of his job and terminated his employment because of his disability on June 2, 2023.

## COUNT II
## FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS

18.     Plaintiff incorporates herein under Count I paragraphs 1-17 above by reference as though fully alleged and stated herein.

19.     The EEOC regulations adopted to implement the requirements of the ADA require that when a disabled employee requests accommodation for a disability, the employer is obligated to engage with the disabled employee in an interactive process to explore and determine with the employee the appropriate accommodation for the employee's disability. This process includes identifying the precise limitations of the employee's disability and potential reasonable accommodations that could overcome those limitations 29 C.F.R. § 1630.2(o)(3).

20.     Plaintiff requested reasonable accommodations for his disability, but Defendant never engaged in any interactive process, discussion or collaborative effort of any kind to determine what accommodations could be provided to Plaintiff to overcome the limitations of his disabilities to enable him to perform the essential duties of his job, as required by 29 C.F.R. § 1630.2(o)(3).

21.     Defendant failed to provide Plaintiff with reasonable accommodations for his disability because Defendant failed to engage in any good faith effort with Plaintiff to determine the accommodations that were reasonably available to accommodate Plaintiff's disability.

## COUNT III
## Discrimination under Title VII

22.     Plaintiff incorporates herein under Count I paragraphs 1-22 above by reference as though fully alleged and stated herein.

23.     Defendant discriminated against Plaintiff on the basis of his race as a Black American in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e-16 et seq. in that he was denied reasonable accommodation for his physical limitations and disability to continue his employment as a delivery truck driver whereas a white delivery truck driver with similar limitations and disability was granted those accommodations to remain in his position as a truck driver.

## DAMAGES

As the direct and proximate result of the discrimination by Defendant against Plaintiff, described above, Plaintiff lost his employment, resulting in substantial loss of income and financial hardship. Plaintiff was caused to suffer enormous emotional distress and anguish.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays the Court for judgment against Defendant for compensatory damages in an amount in excess of $100,000, attorney fees and litigation costs pursuant to 42 U.S.C. § 1988, court costs and such other relief as the Court deems just and proper

*Charles S. Scott, Jr.*
Charles S. Scott, Jr. KS # 08573
6031 Albervan St.
(913) 396-2818
Email: charlesscott@kc.rr.com
Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Plaintiff requests a jury trial in the above- captioned case

*Charles S. Scott, Jr.*
Charles S. Scott, Jr.

## LOCATION OF TRIAL

Plaintiff request that the trial of the above captioned case be held in the United States District Court for the District of Kansas located in Kansas City, Kansas

*Charles S. Scott, Jr.*
Charles S. Scott, Jr.