IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALBERT E. BROWN,

    *Plaintiff*,

v.

                                           Case No. 24-2510-EFM

VEYER, LLC,

    *Defendant*.

**MEMORANDUM AND ORDER**

Before the Court is Defendant Veyer, LLC's Partial Motion to Dismiss (Doc. 8) Count II of Plaintiff Albert E. Brown's Complaint. Defendant seeks to dismiss Count II under Rule 12(b)(6) for failure to state a claim. Defendant contends that failure to engage in an interactive process, as required by the Americans with Disabilities Act ("ADA"),[1] is not an actionable claim. Plaintiff has not responded. Because that is truly not an actionable claim, the Court grants dismissal for Count II.

    **I.    Factual and Procedural Background**[2]

On June 15, 2022, Plaintiff, a delivery truck driver for Defendant, was in a car accident. He was suffered two herniated disks. Then in October, Plaintiff underwent surgery to remove the herniated disks. As a result of the accident and recovery from his surgery, Plaintiff was physically disabled. In March of 2023, Plaintiff's physical therapist released Plaintiff to his work with a 30-

---

[1] 42 U.S.C. § 12112.

[2] The facts are taken from Plaintiff's Complaint and are accepted as true for purposes of this ruling.

pound lifting restriction until the end of May 2023. Plaintiff then requested to return to work with temporary accommodations for his lifting restriction. On June 2, Defendant responded by letter that they would not be able to accommodate him and that he was terminated effective the date of the letter.

On November 12, 2024, Plaintiff filed this lawsuit. Plaintiff alleges ADA and Title VII violations in his Complaint. On January 16, 2025, Defendant filed this motion. Plaintiff has not responded.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[3] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[4] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[5] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[6] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[7]

---

[3] Fed. R. Civ. P. 12(b)(6).

[4] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[6] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[7] *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

### III.  Analysis

In Count I, Plaintiff alleges that Defendant violated the ADA by failing to provide Plaintiff with reasonable accommodations. Then, in Count II, Plaintiff alleges that Defendant also failed to engage in an interactive process regarding his request for a reasonable accommodation. The ADA does require "employers to participate in an 'interactive process' with the [disabled] employee to determine a mutually suitable accommodation . . . [b]ut the failure to engage in an interactive process is not independently actionable."[8] Although a failure to engage in an interactive process is not actionable, that failure may be a factor as to whether there was a failure to provide reasonable accommodations.[9] While Count II may be helpful to Count I's allegation, it cannot stand alone as an independent action in the case. Therefore, Count II is dismissed.

**IT IS THEREFORE ORDERED** that Defendant's Partial Motion to Dismiss (Doc. 8) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 23rd day of June, 2025.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[8] *Brigham v. Frontier Airlines, Inc.*, 57 F.4th 1194, 1201 (10th Cir. 2023).

[9] *See Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1172 (10th Cir. 1999) (clarifying that the interactive process requirement is merely "an essential component of the process by which a reasonable accommodation can be determined.").